IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | Civil Action |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Zachary Frankenbach, Michael DeGard,** | : | |
| **Nicholas Micaletti, John McCarthy,** | : | No. 1:19-cv-5839 |
| **Gregory T. Youmans, Carl S. Tominberg,** | : | |
| **and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Legal & Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Zachary Frankenbach,** | : | |
| **Michael DeGard, Nicholas Micaletti,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **The Illinois State Toll Highway Authority,** | : | |
| **2700 Ogden Avenue, Downers Grove,** | : | |
| **IL 60515,** | : | |
| **Defendant** | : | |

**COMPLAINT**

**I.     INTRODUCTION**

Plaintiffs bring this action against Defendant pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Defendant is a participating employer in the Plaintiff Local 727 Welfare Fund and the Plaintiff Local 727 Legal

1

and Educational Assistance Fund (jointly "Plaintiff Funds") and as such, is required to pay contributions to the Plaintiff Funds pursuant to its Participation Agreements with the Plaintiff Funds' Boards of Trustees, the Plaintiff Funds' Trust Agreements and its collective bargaining agreement with a Teamsters Local Union. Contrary to, and in violation of, the terms of these agreements, Defendant withdrew from the Plaintiff Funds without following the procedures set forth in the Participation Agreements and ceased making contributions to the Plaintiff Funds. Moreover, prior to its withdrawal from the Plaintiff Funds, Defendant failed and refused to pay contributions at the contribution rate established by the Funds' Boards of Trustees thereby rendering Defendant delinquent in its contribution obligation to the Funds.

Plaintiffs seek an order from the Court (1) declaring that Defendant is bound by the terms of its Participation Agreements with the Plaintiff Funds through February 29, 2020, and thereafter unless and until Defendant submits proper notification to Plaintiffs, as set forth in the Participation Agreements, of its intent to terminate its participation in the Funds; (2) directing Defendant to cooperate in an audit of its books and records so that the Funds may determine the full amount of contributions owed; (3) directing Defendant to pay the delinquent contributions it owes to the Funds plus interest, liquidated damages, audit fees and attorneys' fees and costs as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); (4) directing Defendant to pay to the Plaintiffs any other amounts that may become due and owing during the pendency of this litigation; and (5) directing Defendant to pay any other amounts permitted in equity or by law, arising from its failure to pay the full amount of employee benefit contributions owed to the Plaintiff Funds.

## II.   JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2. Defendant is located in DuPage County. Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3. Venue is proper in this District pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Local 727 Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The Local 727 Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

5. The Local 727 Welfare Fund is administered by a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. Since its inception and to date, the Local 727 Welfare Fund receives contributions from private sector employers who are parties to collective bargaining agreements ("CBA") with the Teamsters Local Union No. 727 ("Local 727"). Beginning in and around July 1, 2012 and to date, the Local 27 Welfare Fund receives contributions from certain State of Illinois entities who are parties to successive CBAs with Local 700 State and Municipal Teamsters and Chauffeurs Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Union ("Local 700") and who sign a Participation Agreement with the Local 727 Welfare Fund setting forth the terms of participation by the entity in the entity in the Local 727 Welfare Fund.

6. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Local 727 Welfare Fund pursuant to the Fund's Agreement and Declaration of Trust ("Local 727 Welfare Fund Trust Agreement"). *Exhibit A, Local 727 Welfare Fund Trust Agreement.* Coli, Jr., Frankenbach, Micaletti, DeGard, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Local 727 Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, Micaletti, DeGard, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Local 727 Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

7. Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("Local 727 L&E Fund") is a jointly administered, multiemployer welfare plan within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The Local 727 L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

8. The Local 727 L&E Fund is administered by a joint labor-management Board of Trustees and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the plan, in accordance with section 404 of ERISA, 29 U.S.C. §1104. Since its inception and to date, the Local 727 L&E Fund receives contributions from private sector employers who are parties to CBAs with Local 727. Beginning in or around July 1, 2012 and to date, the Local 727 L&E Fund receive contributions from certain State of Illinois entities who are parties to successive CBAs with Local 700 and who sign a Participation Agreement with the Local 727 L&E Fund setting forth the terms of participation by the entity in the Local 727 L&E Fund.

4

9. Plaintiffs John T. Coli, Jr., Zachary Frankenbach, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Local 727 L&E Fund pursuant to the Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"). *Exhibit B, Local 727 L&E Fund Trust Agreement*. Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Local 727 L&E Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Frankenbach, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Local 727 L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

10. Defendant Illinois State Toll Highway Authority ("Tollway" or "Defendant") is an employer within the meaning of 3(5) of ERISA, 29 U.S.C. § 1002(5). The Tollway's primary place of business is located at 2700 Ogden Avenue, Downers Grove, IL 60515.

**IV. THE TRUST AGREEMENTS**

11. The Local 727 Welfare Fund and the Local 727 L&E Fund were established by Local 727 and participating employers. *See, Ex. A, p. 1 and Article 3, § 3.01, p. 3; Ex. B, p. 1 and Article 3, § 3.01, p. 3.*

12. Local 727 represents predominantly private sector employers who operate in industries such as parking, private transportation and funeral services, among others.

13. The Local 727 Welfare Fund and the Local 727 L&E Fund were not established pursuant to collective bargaining between Local 700 and Tollway or by Local 700 and any other entity of the State of Illinois.

5

14. The Local 727 Welfare Fund Trust Agreement and the Local 727 L&E Fund Trust Agreement were "restated" as of July 25, 2000. *Ex. A, Welfare Fund Trust Agreement, p. 1; Ex. B, L&E Fund Trust Agreement, p. 1*.

## V. COLLECTIVE BARGAINING OBLIGATION TO CONTRIBUTE TO THE LOCAL 727 BENEFIT FUNDS

15. For all times relevant to this action, Tollway was party to a CBA with Local 700 the terms of which are from October 1, 2014 through February 28, 2018. *Ex. C, CBA*.

16. Through its collective bargaining with Local 700, Tollway voluntarily chose to participate in the Plaintiff Funds, enter into Participation Agreements with the Plaintiff Funds and enroll its Local 700 member-employees in the Funds. *Ex. D, Welfare Fund Participation Agreement; Ex. E, L&E Fund Participation Agreement.*

17. The CBA between Tollway and Local 700 includes an evergreen clause which states: "DURATION OF AGREEMENT. This Agreement shall be effective as of the date of execution, (except that wage rates set forth in Article VII shall become effective as of the dates shown) and shall remain in full force and effect from said date until midnight February 28, 2018, and it shall be automatically renewed from year to year thereafter, unless either party notifies the other, in writing, at least sixty (60) days prior to February 28, 2018, or the anniversary date of such yearly extension of a desire to amend or terminate it." *Ex. C, p. 35, Article XV, ¶ 15.1*.

18. Both Tollway and Local 700 advised the Local 727 Funds that their CBA, which otherwise would expire February 28, 2018, was extended.

19. Article 11, ¶ 11.1(a) of the CBA required Tollway to contribute to the Local 727 Benefit Funds monthly on behalf of each regular full-time employee covered by the [CBA]. *Ex. C, Art. 11.1, p. 21*.

20. Section 11.1(a) of the CBA provides that the Board of Trustees of the Plaintiff Funds may adjust the contribution rate annually "pursuant to the provisions of paragraph (c) below." *Id.*

21. Paragraph 11.1(c) of the CBA requires Tollway to pay contributions to the Plaintiff Funds at the adjusted contribution rate but limits the amount of the rate adjustment to ten percent (10%) annually from March 1, 2016 through March 1, 2018.

22. Tollway continued to pay contributions to the Plaintiff Funds during the period the CBA was extended, beginning March 1, 2018.

23. Although the CBA expired, February 28, 2018, Tollway paid contributions to the Plaintiffs during the extension period at the increased contribution rate that went into effect on March 1, 2018.

## VI. TOLLWAY'S PARTICIPATION AGREEMENTS WITH THE LOCAL 727 FUNDS

24. On May 27, 2015, Tollway executed separate Participation Agreements with the Boards of Trustees of the Local 727 Welfare Fund and the Local 727 L&E Fund. *Ex. D, Welfare Fund Participation Agreement; Ex. E, L&E Fund Participation Agreement.* Except for the name of the Fund, both Participation Agreements contain the same language. *Id.*

25. The Participation Agreements explicitly state the Board of Trustees have accepted the Tollway "as an employer under the Restated Agreement and Declaration of Trust for those employees of the Tollway who are covered by a collective bargaining agreement with Teamsters Local Union No. 700 ("Local 700)." *Exs. D and E, p. 1.*

26. The Participation Agreements also state:

> The Tollway hereby ratifies and agrees to be bound by all actions taken and to be taken by the Board of Trustees of the Fund pursuant to the powers granted them by the Restated Agreement and Declaration of Trust [],

7

>including, but not limited to, the power to amend the Trust Agreement. This Agreement shall remain in effect during the term of any collective bargaining agreement between the Tollway and the Union ("Collective Bargaining Agreement"), and during any extension or renewals thereof, provided, however, that nothing herein shall limit the right of the Trustees to terminate the Tollway as an employer under the Fund on account of failure to make contributions or as otherwise provided herein or in the Trust Agreement.

*Id., p. 1, ¶ 1.*

27. Additionally, the Participation Agreements state that Tollway shall contribute to the Local 727 Funds at the rates outlined in the Tollway CBA with Local 700 and that such contributions are to be received by the Funds no later than the 30th day from the end of the month in coverage. *Id., p.2, ¶ 3.*

28. Further, the Participation Agreements provide that should Tollway fail to pay the contributions owed to the Plaintiff Funds by the due date, the Trustees may take whatever action is necessary to collect the contributions, including through litigation, and that Tollway will be responsible to the Funds for payment not only of the full amount of contributions owed but also for interest, liquidated damages, audit fees and reasonable attorneys' fees and costs. *Id., ¶¶ 4 and 6.*

29. By entering into the Participation Agreements with the Trustees, Tollway agreed that "[t]he interpretation and application of the terms of the Participation [A]greement will be in the sole and exclusive discretion of the Trustees of the Fund." *Id., ¶ 12.*

30. The Participation Agreements also provide that the Agreements will remain in effect during the term of any collective bargaining agreement between Tollway and Local 700 and during any extensions or renewals thereof, unless terminated by either party – Tollway or the Trustees - by giving 180-days advance written notice to the other party, with termination to be effective March 1, 2018. *Id., ¶ 8.*

8

**VII.     TOLLWAY'S VIOLATION OF THE PARTICIPATION AGREEMENTS**

31.     By letter dated March 14, 2019, the Plaintiff Funds' Manager advised Tollway that the Funds understood that Tollway reached an agreement with Local 700 to terminate Tollway's participation in the Local 727 Welfare and L&E Funds. Based on this information, the letter informed Tollway that the Funds would terminate coverage for its Local 700 member-employees on April 30, 2019.

32.     Both Tollway and Local 700 responded to the Funds' Manager's letter advising that Tollway's Board of Directors had not yet been presented with the tentative successor CBA and therefore absent Tollway's Board of Directors' approval of the tentative agreement, Tollway remained a participating employer in both Funds.

33.     Tollway further stated in its letter that the Trustees would be in violation of the Participation Agreements if they terminated coverage on April 30, 2019 as the Participation Agreements required the Trustees to provide 180 days' written notice that they were terminating the Participation Agreements.

34.     After reviewing the Participation Agreements, the Trustees agreed that 180 days' written notice was required for termination by either party. Therefore, the Funds did not terminate coverage on April 30, 2019.

35.     By executing the Participation Agreements, Tollway agreed to, and was obligated to, notify the Plaintiff Funds in writing, at least 180 days in advance, of its intent to terminate its participation in the Plaintiff Funds effective March 1.

36.     As of the filing of this Complaint, the Tollway has not yet provided to the Plaintiff Funds the written 180-days' advance written notice of Tollway's intent to terminate its

9

participation in the Funds on March 1, 2019, or March 1, 2020, as required by the terms of the Participation Agreements.

37. As of the filing of this Complaint, Tollway has not submitted to the Plaintiff Funds the requisite 180-days' written notice of its intent to terminate its participation in the Funds.

38. On or about June 30, 2019, Tollway began to enroll its Local 700 member-employees into Tollway's health insurance plan.

39. Tollway has violated the Participation Agreements (a) by failing to provide 180-days' advance to the Plaintiff Funds of its intent to terminate its participation in the Funds on March 1, 2019, or on March 1, 2020; and (b) by enrolling Local 700 members in Tollway's health insurance program.

40. Because Tollway failed to comply with the 180-days' advance written notice requirement prior to March 1, 2019, Tollway is obligated to continue its participation in the Plaintiff Funds, and pay contributions to the Funds at the rate determined by the Trustees, until February 29, 2020 and thereafter, unless and until Tollway submits to the Funds a written notice of termination in accordance with the time frame set forth in the Participation Agreements.

## VIII. TOLLWAY'S CONTRIBUTION DELINQUENCY AND THE FUNDS NEED FOR A PAYROLL AUDIT

### A. Failure to Pay Contributions at the Current Rate

41. By letter dated March 11, 2019, the Local 727 Welfare and L&E Funds notified Tollway of the amount of the annual contribution rate increase established by the Boards of Trustees, effective March 1, 2019.

42. The March 1, 2019 contribution rate increase is ten percent (10%) of the contribution rate for 2018.

43. Tollway has failed and refused to pay contributions to the Plaintiff Funds at the March 1, 2019 contribution rate.

44. Because of Tollway's failure to pay contributions at the appropriate contribution rate, for the period March 2019 through May 2019, Tollway is delinquent in its contributions to the Plaintiff Funds in the approximate amount of $281,785.20. Additionally, based on this approximate amount, Tollway owes an estimated $34,536.68 in interest and liquidated damages on the deficient contributions.

45. Interest shall continue to accrue until the contributions are paid in full.

**B. Tollway's Failure to Pay Any Contributions After May 2019**

46. The Plaintiff Funds have not received any contributions from Tollway since the contribution payment received in May 2019.

47. As of the filing of this complaint, Tollway is delinquent in its contributions to the Funds for the months of June and July 2019.

48. Based on Tollway's May contributions report, the Plaintiff Funds estimate Tollway owes contributions for June and July 2019 in the approximate amount of $2,147,125.20. The approximate amount of interest and liquidated damages owed on the delinquent contributions is $230,815.96.

49. Interest shall continue to accrue until the delinquent contributions are paid in full.

**C. Need for a Payroll Audit**

50. Absent a payroll audit of Tollway's books and records, the Plaintiff Funds are unable to determine with certainty the total amount of Tollway's delinquency.

51. Article 6 of the Local 727 Welfare and L&E Funds' respective Trust Agreements authorizes an audit of participating employers' payroll records and related documents to determine

11

that all contributions owed pursuant to a CBA have been paid to the Funds on behalf of the employer's employees.

## IX. ERISA ENFORCEMENT

50. Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on fiduciaries to determine the contributions owed to employee benefit funds as well as a responsibility to collect them.

51. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

52. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by Defendant, and (E) such other legal or equitable relief as the court deems appropriate."

53. Because the Tollway voluntarily chose to participate in the Local 727 Welfare and L&E Funds, Tollway subjected itself to this Court's jurisdiction under ERISA and the Funds' claims are to be adjudicated by the Court under the law governing ERISA.

54. Efforts to resolve this matter short of litigation have failed.

55. The Plaintiff Funds have been economically harmed by Tollway's conduct.

56. Defendant's refusal to pay delinquent contributions, plus interest, liquidated damages, and attorneys' fees and costs, all as required by the CBA, the Participation Agreements and the Trust Agreements, violates section 515 of ERISA, 29 U.S.C. § 1145.

## COUNT I

## DECLARATORY JUDGMENT ACT

57. Plaintiffs incorporate by reference the allegations stated in paragraphs 1 through 56 above as though fully set forth herein.

58. Plaintiffs seek a declaration from the Court that, consequent to the Tollway's failure to submit to the Funds in writing, at least 180-days prior to March 1, 2019, its intent to terminate its participation in the Funds, as required by the Participation Agreements, Tollway remains a participating employer in the Funds through February 29, 2020 and thereafter unless and until Tollway submits a written notice of termination of participation to the Funds within the time frame set forth in the Participation Agreements.

59. The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *28 U.S.C. § 2201(a).*

60. Declaratory judgment is warranted in this action as the facts alleged here show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant such an issuance.

61. More specifically, the facts alleged herein show that the Tollway violated the terms of its Participation Agreements with the Plaintiff Funds; failed to pay contributions to the Funds

13

at the contribution rate established by the Funds' Boards of Trustees effective March 1, 2019; and failed to pay any contributions to the Funds in June and July 2019.

WHEREFORE, the Plaintiffs respectfully request the Court to enter judgment in their favor and against Tollway and declare that (a) Tollway violated its Participation Agreements with the Local 727 Welfare and L&E Funds' Boards of Trustees by failing to submit 180-days advance written notice to the Plaintiff Funds of Tollway's intent to terminate its participation in the Funds; (b) as a result of Tollway's failure to provide written notice of its intent to terminate its participation in the Funds, as set forth in the Participation Agreements. Tollway remains a participating employer in the Plaintiff Funds through February 29, 2020; (c) if Tollway fails to provide written notice to the Plaintiff Funds at least 180-days prior to March 1, 2020, of its intent to terminate its participation in the Funds, Tollway shall continue to participate in the Funds on and after March 1, 2020, and thereafter, until proper notice is given as provided in the Participation Agreements; and (d) that Tollway is obligated to pay contributions timely to the Plaintiff Funds on behalf of all Local 700 member-employees from June 1, 2019 through February 29, 2020 and thereafter until such time as Tollway provides 180-days' advance written notice to the Plaintiff Funds of its intent to terminate its participation in the Plaintiff Funds.

## COUNT II

**PAYMENT OF DELINQUENT CONTRIBUTIONS AT THE RATE ESTABLISHED BY THE PLAINTIFF FUNDS' BOARDS OF TRUSTEES**

64. Plaintiffs incorporate by reference the allegations stated in paragraphs 1 through 63 above as though fully set forth herein.

65. The Plaintiff Funds' Boards of Trustees increased the contribution rate effective March 1, 2019 by ten percent (10%) of the March 1, 2018 contribution rate.

66. Tollway paid contributions to the Plaintiff Funds in March, April and May of 2019 but at the March 1, 2018 contribution rate.

67. By its failure to pay contributions at the rate established by the Plaintiff Funds' Boards of Trustees effective March 1, 2019, Tollway has violated its Participation Agreements with the Plaintiff Funds, the Plaintiff Funds' Trust Agreements and its CBA with Local 700.

68. Plaintiffs have suffered economic harm because of Tollway's failure to comply with its contractual obligations to pay contributions monthly to the Plaintiff Funds on behalf of its Local 700 member-employees.

69. Tollway's refusal to pay delinquent contributions at the rate established by the Plaintiff Funds' Boards of Trustees, plus interest, liquidated damages and attorneys' fees and costs, all as required by the CBA, the Trust Agreements and the Participation Agreements, violates section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs respectfully request the Court (a) to enter judgment in their favor and against Tollway; (b) to order Tollway to pay to the Plaintiff Funds the difference between the March 1, 2018 contribution rate and the March 1, 2019 contribution rate plus interest, liquidated damages, audit fees and attorneys' fees and costs as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and (c) to order Tollway to continue to pay contributions at the March 1, 2019 contribution rate established by the Plaintiff Funds' Boards of Trustees until such time that the Boards of Trustees establish a different contribution rate during the period Tollway participates in the Plaintiff Funds.

## COUNT III

## UNPAID CONTRIBUTIONS

70. The Plaintiffs incorporate by referents the allegations stated in paragraphs 1 through 69 above as though fully set forth herein.

71. Pursuant to its CBA with the Local 700, its Participation Agreements with the Plaintiff Funds and the Plaintiff Funds' Trust Agreements, Tollway is obligated to pay contributions monthly to the Plaintiff Funds on behalf of its Local 700 member-employees.

72. Tollway has failed and refused to pay contributions to the Plaintiff Funds on behalf of its Local 700 member-employees for the months June and July 2019.

73. By its failure to pay contributions to the Plaintiff Funds in June and July 2019, Tollway has violated its Participation Agreements with the Plaintiff Funds, the Plaintiff Funds' Trust Agreements and its CBA with Local 700.

74. Plaintiffs have suffered economic harm because of Tollway's failure to comply with its contractual obligations to pay contributions to the Plaintiff Funds monthly on behalf of its Local 700 member-employees.

75. Tollway's refusal to pay delinquent contributions at the rate established by the Plaintiff Funds' Boards of Trustees, plus interest, liquidated damages and attorneys' fees and costs, all as required by the CBA, the Trust Agreements and the Participation Agreements, violates section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in its favor and against Tollway and (a) to order Tollway to pay all the contributions it owes to the Funds at the contribution rate established by the Plaintiff Funds' Boards of Trustees plus interest, liquidated damages, audit fees and attorneys' fees and costs as mandated by Section 502(g)(2) of ERISA, 29

U.S.C. § 1132(g)(2); and (b) to order Tollway pay to the Plaintiff Funds any additional contribution amounts that may be found due and owing to the Plaintiffs during the pendency of this litigation plus interest, liquidated damages, audit fees and attorneys' fees and costs as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and (c) to order such other relief that the Court Deems just and appropriate.

Dated:  August 30, 2019 				Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

  s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office		(215) 656-3665
Facsimile	(215) 561-5135
Email		lmartin@wwdlaw.com

ILLINOIS ADVOCATES, LLC

   s/  William M. Tasch_____
WILLIAM M. TASCH, ESQUIRE
CARA ANTHANEY, ESQUIRE
77 W. Washington, Suite 2120
Chicago, IL  60602
Office		(312) 346-2052
Facsimile	(312) 492-4804
Email		William.Tasch@iladvocates.com
Email		Cara.Anthaney@iladvocates.com

Date:  August 30, 2019